IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GIBSON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4227 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 12th day of August, 2024, upon consideration of Plaintiff Michael Gibson's Amended Complaint (Doc. No. 15), Motion to Not Be Sanctioned (Doc. No. 13), and Request to Issue Summons (Doc. No. 14), it is **ORDERED** that:

1. The Clerk of the Court is **DIRECTED** to **ADD** the following Defendants to the docket in this case to reflect the Amended Complaint: (1) The Philadelphia Police Department; (2) "Ofc. Gerard Brennan; (3) "Ofc." Carolyn Young; (4) Sgt. Richard Sharp; (5) "Ofc. Six John Does; (6) Sgt. William Yancer I.A.D.; (7) Capt. Pasquel Agozzino, I.A.D.; (8) The Philadelphia Fair Housing Commission; (9) Rue Landau, Esq., Director; (10) David Rammler, Esq., Chairperson; (11) Rosemary Brannagan, Manager; (12) Kahlila Skipper, Rep II; (13) Anthony Lewis, Jr., Commissioner; (14) Juan Baez, Esq., Commissioner; (15) Darlene Butler, Commissioner; (16) the Philadelphia Human Relations Commission; and (17) Alexandria Williams, Investigator.

2. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum.

3. Gibson may file a second amended complaint within **thirty (30) days** of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended

complaint and shall state the basis for Gibson's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, Gibson should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. In particular, any second amended complaint must allege facts to explain why claims that have been dismissed as time barred should be equitably tolled. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

    4.    The Clerk of Court is **DIRECTED** to send Gibson a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Gibson may use this form to file his second amended complaint if he chooses to do so.

    5.    If Gibson does not wish to amend and instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court within **thirty (30) days** of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Gibson fails to file any response to this Order, the Court will conclude that Gibson intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

7. Gibson's Motion to Not Be Sanctioned (Doc. No. 13) is **GRANTED**.[2]

8. Gibson's Request to Issue Summons (Doc. No. 14) is **DENIED as premature**.

**BY THE COURT:**

*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

[2] The Court never had any intention of sanctioning Gibson for failing to utilize the form complaint that was sent to him or for including handwritten pages with his complaint. While the use of the form complaint is encouraged, as detailed in the Court's prior Order, it was not mandatory. (Doc. No. 8 ("Gibson *may* use this form to file his amended complaint if he chooses to do so." (emphasis added)).)